IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TOREY SURLES,

    Plaintiff,

v.                                           CIVIL ACTION NO.: CV513-116

WILLIAM CATER; JUSTIN MOSLEY;
and DERRICK CLEMMONS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Troup County Correctional Institution in LaGrange, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at the Coffee Correctional Facility in Nichols, Georgia. Defendants filed a Motion for Summary Judgment, to which Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**. Plaintiff has also filed a pleading which has been docketed as a Motion for a Lie Detector. Plaintiff's "Motion" is **DENIED**. Plaintiff is free to have a lie detector test administered to him, but it will not be at this Court's expense or behest.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants improperly denied him the opportunity to have a meal, even though Defendants knew that Plaintiff would be observing a period of fasting. Defendants assert that Plaintiff fails to set forth a viable Eighth Amendment

claim against them. In the alternative, Defendants assert that Plaintiff can recover no more than nominal damages from them.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must

2

view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that Plaintiff's assertion that he missed one (1) meal is an insufficient basis for an Eighth Amendment claim. Defendants assert that an early morning meal call was being conducted with certain inmates, including Plaintiff, and was followed by a meal. At this meal call, each inmate was to give the intake officer his identification card, who in turn would scan the card. Defendants contend that the screen shows a picture of the inmate whose ID card was scanned and reveals the status of the meal for that particular meal. Defendants also contend that when Plaintiff brought his card to be scanned, the computer showed his picture and revealed that this was the second use of the card for the morning meal. Defendants assert that Plaintiff was ordered back to his unit. Defendants allege that, even if officers were incorrect by concluding that Plaintiff had already eaten his morning meal (or another inmate had used his card for morning meal), this error does not meet the deliberate indifference standard because Plaintiff cannot show any intent to do harm. Plaintiff contends that Defendants violated his constitutional rights when they kicked him out of the eating area as a form of punishment.

Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation,

3

courts must examine the alleged violation both objectively and subjectively. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." Id. (quotation omitted).

The "[w]ithholding of food does not *per se* constitute an objectively serious deprivation in violation of the Constitution." Adair v. Okaloosa Cnty. Jail, No. 3:07CV425/MCR/EMT, 2008 WL 564616, at *2 (N.D. Fla. Feb. 27, 2008) (citing Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999)). "The circumstances, nature, and duration of a deprivation of life's necessities must be considered in determining whether a constitutional violation has occurred." Id. "In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." Id. (quoting Deapain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001)); see also Whitnack v. Douglas Cnty., 16 F.3d 954, 958 (8th Cir.1994). Some courts which have considered factually similar situations have indicated that such deprivations are not of a constitutional magnitude. See, e.g., Gardner v. Beale, 780 F. Supp. 1073 (E.D. Va. 1991), aff'd 998 F.2d 1008 (4th Cir. 1993) (providing prisoner with only two meals per day, with an 18-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard); Green v. Ferrell, 801 F.2d 765, 770–71 (5th Cir. 1986) (even on a regular, permanent basis, two meals a day may be adequate); see also Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (finding it "doubtful" that prisoner missing fifty meals in five

months "was denied anything close to a minimal measure of life's necessities," and commenting that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir. 1999) (finding that denying an inmate eight meals over seven months because of the inmate's failure to shave did not meet the objective component, and noting that the prisoner had not alleged any specific physical harm, nor had he claimed that he lost weight or suffered other adverse physical effects or had his health put at risk); Bennett v. Misner, No. 02-1662-HA, 2004 WL 2091473 (D. Ore. Sept. 17, 2004) (concluding that inmates failed to state an Eighth Amendment violation where they "neither alleged nor provided evidence to establish that they suffered significant injury or illness-such as specific, repeated instances of food poisoning or malnutrition-directly resulting from their exposure to unsafe or unsanitary kitchen conditions").

"Moreover, courts that have found constitutional violations when inmates were deprived of food have done so only when presented with more serious violations." Adair, 2008 WL 564616, at *3 (citing Simmons v. Cook, 154 F.3d 805, 809 (8th Cir. 1998) (denying prisoners four consecutive meals over two days violated the objective component of the Farmer test); Cooper v. Sheriff of Lubbock Cnty., 929 F.2d 1078 (5th Cir. 1991) (failure to feed prisoner any food for twelve consecutive days unconstitutional); Dearman v. Woodson, 429 F.2d 1288, 1289 (10th Cir. 1970) (prisoner who was deprived of food for 50+ hours had a viable Eighth Amendment claim); Strope v. Sebelius, No. 06-3144, 2006 WL 2045840 (10th Cir. July 24, 2006) (reversing district court's dismissal of Eighth Amendment deprivation of food claim for failure to state a claim, where prisoner alleged that on multiple occasions between March 2005 and June

AO 72A
(Rev. 8/82)

2005 his meals were unacceptable; that a "sour'd" turkey sandwich made him sick to his stomach with severe cramps until the following morning; that the salads and oranges were routinely spoiled; that on one occasion the meal was "burnt beyond recognition"; that these were examples of an "everyday and on-going" practice of the prison; and that the prison "routinely" served spoiled food to prisoners); Lunney v. Brureton, No. 04-Civ.-2438-LAK-GWG, 2005 WL 121720 at *6 (S.D. N.Y. Jan. 21, 2005) (finding inmate's allegation that his meals were regularly spoiled and/or improperly prepared on "numerous occasions"; thus, eating the meals caused him to get sick and not eating them caused him to suffer the effects of malnutrition, were sufficient to satisfy the Eighth Amendment's objective component), adopted, 2005 WL 433285 (S.D. N.Y. Feb.23, 2005).

The evidence before the Court reveals that Plaintiff went without his morning meal on one (1) occasion. Even if Defendants' assumption that Plaintiff had already eaten his morning meal or that Plaintiff's ID card had already been scanned and indicated that the person with that card had eaten already was mistaken, this mistaken assumption does not show that Defendants were deliberately indifferent to Plaintiff's basic needs. Plaintiff's assertions do not meet the objective portion of the Farmer test. In addition, Plaintiff does not allege that he suffered any ill-effects from being denied one (1) meal during Ramadan such that he can sustain his Eighth Amendment claim.[1] See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862 (11th Cir. 2008) (finding no

---

[1] The undersigned notes Plaintiff's assertions in his Response to Defendants' Motion that he was denied equal protection, his due process rights were violated, and he was not allowed to practice his religion as a result of being denied this one (1) meal. These assertions are rejected as conclusory. In addition, the undersigned directed service of Plaintiff's Complaint based on his putative Eighth Amendment claim only.

AO 72A
(Rev. 8/82)

constitutional violation even when the inmate was routinely deprived of lunch). Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 30th day of October, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)