IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TOREY SURLES,

    Plaintiff,

v.

WILLIAM CATER; JUSTIN MOSLEY;
and DERRICK CLEMMONS,

    Defendants.

CIVIL ACTION NO.: CV513-116

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Plaintiff filed Objections. In his Objections, Plaintiff contends that this Court has denied him justice by not allowing him to prove his religious exercise and equal protection claims pursuant to the First and Fourteenth Amendments. The Magistrate Judge permitted service of Plaintiff's Complaint based on his Eighth Amendment deliberate indifference claim. Plaintiff should have raised his concerns on an earlier occasion if he felt the Court had overlooked or ignored the scope of his claims. In addition, as the Magistrate Judge noted, Plaintiff's religious exercise and equal protection claims are conclusory and would not have survived frivolity review.

"A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

Plaintiff makes no allegation which reveals that the denial of a meal on one (1) occasion violated his right to practice his religion. In fact, it appears that the observation of the period of fasting is important during Ramadan, not the eating of a meal before this period. In addition, Plaintiff makes no assertion that the alleged denial of a meal on one (1) occasion imposed a substantial burden on his sincerely held religious beliefs. "To plead a valid free exercise claim, [a plaintiff] must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'" Watts v. Florida Int'l Univ., 495 F.3d 1289, 1294 (11th Cir. 2007) (quoting Frazee v. Ill. Dep't of Employment Sec., 489 U.S. 829, 834 (1989)). Plaintiff has failed to meet this basic

AO 72A
(Rev. 8/82)

pleading requirement and sets forth nothing more than conclusory statements in this regard.

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted). Plaintiff has not shown that he was treated differently than any similarly situated inmates. To be clear, Plaintiff would have had to allege that an inmate whose card was scanned and that card indicated that the inmate had already eaten was allowed to eat after the second scan of the card, while Plaintiff was not allowed to eat under the same circumstances. Plaintiff would have also had to allege that the reason he was not allowed to eat was based on a constitutionally protected interest. Plaintiff failed to make this showing in his original Complaint or in his Response to Defendants' Motion to Dismiss.

Plaintiff also objects to the Magistrate Judge's finding that Defendants were not deliberately indifferent to Plaintiff's health or safety by not allowing him a meal on one (1) occasion. The Magistrate Judge reviewed the evidence before him and the applicable case law in making his recommendation to the Court, and Plaintiff offers nothing which indicates that this recommendation should be disturbed.

AO 72A
(Rev. 8/82)

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 17 day of December, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)